**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JEROME WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-0027-WTL-DKL |
| ) | |
| OFFICER KIRKWOOD, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Defendants' Motion for Summary Judgment, Striking Plaintiff's Evidence, and Directing Entry of Final Judgment**

## I.  Background

Plaintiff Jerome Warren ("Mr. Warren") is a former Indiana prisoner. This civil rights complaint is brought pursuant to 42 U.S.C. § 1983. In his complaint, Mr. Warren alleges that on or about November 2, 2013, while he was incarcerated at the Correctional Industrial Facility ("CIF"), Correctional Officers Kirkwood ("Officer Kirkwood") and K. Wade ("Officer Wade") failed to protect him from an attack by another inmate. He seeks compensatory and punitive damages. Mr. Warren has since been released from confinement.

The defendants have filed a motion for summary judgment seeking resolution of the claims against them based on the affirmative defense that Mr. Warren failed to exhaust his available administrative remedies prior to filing this action. Mr. Warren has opposed the motion for summary judgment and the defendants have replied.

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. 28] must be **granted.**

## II. Discussion

### A.    Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

     B.     *Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Warren as the non-movant, are undisputed for purposes of the motion for summary judgment:

A grievance procedure was in place at CIF while Mr. Warren was incarcerated there. The purposes, rules, and procedures of this grievance program are set forth in the Offender Grievance Process, Policy and Administrative Procedure 00-02-301 ("Offender Grievance Process"), which was readily available to offenders at all times relevant to this matter. Offenders can grieve matters that involve actions of individual correction officers and issues relating to the conditions of confinement or supervision.

The three step grievance process at CIF includes an attempt to resolve the complaint informally. If the offender's complaints or concerns are not resolved informally, he may file a formal grievance. The formal grievance must identify the issue that the offender is trying to resolve. The grievance can be related to only one issue, however, offenders are permitted to file separate formal grievances when there is more than one issue related to a single event.

If the offender is not satisfied with the facility's decision on his formal grievance, he may file an appeal with Indiana Department of Correction's Offender Grievance Manager, however, this appeal must be confined to the issue raised in the formal grievance and may not raise new or

unrelated issues. The submission of a formal grievance and the filing of an appeal of that formal grievance are each a necessary step that must be completed before the grievance procedure is exhausted. The Offender Grievance Process sets forth various deadlines so that the Indiana Department of Correction ("IDOC") can achieve its goals of providing a grievance program that is responsive to offenders' concerns.

The only formal grievance Mr. Warren filed relating to the alleged event was Grievance No. 79404. Grievance No. 79404, dated November 4, 2013, recounts the alleged event in which Mr. Warren claimed another inmate threw hot water on him. The grievance stated the following:

> Yesterday I was victim of the offender Edward threw liquid either water or coffee that burn my face and back. 2 degree burn got the water from the machine and put in the microwave until it [sic] boiling threw it all over my face causing 2nd degree burn. I can't sleep on my back [sic] take hot showers because I'm scared to. I can't hear hardly out my ear. Medical everyday. My family is worried. Have to [sic] mental health because it happen [sic] when I was young I [sic] step dad. Took me a long time get use to shower taking. The staff job is to secure my safety and security and that was not done! This was a probate situation. I want this problem to be look in [sic] and take care. [sic] I want is to get home to my family.

Dkt. 29-3.

The formal grievance reached the Level II appeal at which point Mr. Warren was informed that the matter had been referred to the local prosecutor for outside charges to be filed. Neither the formal grievance nor the formal appeal name or describe the defendants or any other IDOC employees. Mr. Warren has never filed a formal grievance against either Officer Kirkwood or Officer K. Wade.

    *C.*    *Analysis*

The defendants argue that Mr. Warren failed to complete all steps of the exhaustion process with respect to his claims because he did not mention either defendant in the grievance and did not complain of a failure to protect. In response, Mr. Warren asserts that "the administrative remedies

have been met" and that he "did exhaust all administrative remedies." Dkt. 40, pp. 1-2. Most of his response is directed to the merits of his claims, which the Court cannot yet reach.

As pointed out by the defendants, what is extremely troubling is the fact that with his response, Mr. Warren submitted a copy of his grievance form. That form has clearly been altered by adding the words "Officer Kirkwood knew before." *Compare* Dkt. 40-5 with Dkt. 29-3. Indeed, Mr. Warren had previously submitted a copy of the grievance before the defendants' motion for summary judgment was filed, which did not contain the language concerning Officer Kirkwood. *See* Dkt. 24-1, p. 4.

In addition, Mr. Warren submitted a copy of his grievance appeal to which he has added an entire new section:

> "Officer Kirkwood knew about this problem because I let him know that dude was talking about hurting me and someway Officer K. Wade was about to assist him to protective custody about to take the offender out the dorm, but he refuse to go so she left the problem alone. Officer Kirkwood said you a big guy you can handle it on your own and walk away. Thinking I was playing…."

*Compare* Dkt. 40-4 with Dkt. 29-4.

The Court agrees with the defendants that these documents submitted by Mr. Warren are fraudulent. These submissions, dkt. nos. 40-4 and 40-5, are **stricken from the record and shall be disregarded.** The defendants urge a more severe sanction such as referring the matter to the United States Attorney to consider bringing criminal charges of perjury, but the Court declines to do so at this time. Mr. Warren is **warned** not to ever again present altered documents to any court of law because he could face severe repercussions for doing so.

The undisputed record demonstrates that Mr. Warren grieved the incident in which another inmate threw hot water on him and caused him injury. Neither the formal grievance nor the formal appeal asserted that Mr. Warren informed IDOC that another inmate was going to try to harm him.

Neither the formal grievance nor the appeal named or described Officer Kirkwood or Officer K. Wade and alleged that they knew of any impending action but refused to protect Mr. Warren from harm. This is not a situation in which the offender did not know the identity or the name of the defendants. While Mr. Warren was not necessarily required to name the defendants, he was required to put the prison on notice as to who and what he was complaining about. *See Roberts v. Neal,* 745 F.3d 232, 235 (7th Cir. 2014) (grievance had "fatal defect" when it failed to indicate in any way that the defendant was the "target" of the claim).

The grievance did not raise the issue that the defendants failed to protect him, and indeed, each grievance may only address a single issue. Mr. Warren did not submit a second grievance complaining about the defendants' alleged failure to protect him. Mr. Warren's conclusory statement that he exhausted his administrative remedies is not sufficient to create a genuine issue of material fact with respect to whether he exhausted his available administrative remedies regarding his failure to protect claims.

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The defendants have met their burden in showing that Mr. Warren did not complete his available exhaustion process with respect to the claims he brings against them. Therefore, in light of 42 U.S.C. § 1997e(a), the claims against the defendants should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons set forth above, the defendants' motion for summary judgment [dkt. 28] is **granted.** Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 6/19/15

Distribution:

Jerome Warren, 2019 Carolina Ave., Indianapolis, IN 46218

Electronically registered counsel